UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE BRADLEY PHARMACEUTICALS, INC. SECURITIES LITIGATION | Civil Action No. 05-CV-1219 (PGS)(ES) |

## [PROPOSED] ORDER OF PRELIMINARY APPROVAL

WHEREAS, Lead Plaintiffs and Defendants Bradley Pharmaceuticals, Inc. ("Bradley," through its successor-in-interest Nycomed U.S., Inc.), Daniel Glassman, Bradley Glassman and R. Brent Lenczycki (collectively, "Defendants") have entered into a settlement (the "Settlement") of the claims asserted in the above-captioned consolidated action (the "Action"), the terms of which are set forth in a Stipulation and Agreement of Settlement dated December 19, 2008 (the "Stipulation");

WHEREAS, Plaintiffs and the Released Parties have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlement as set forth in the Stipulation and providing notice to the Class, and, for settlement purposes only, appointing Lead Plaintiffs as Class Representatives and Abbey Spanier Rodd & Abrams, LLP as Class Counsel;

WHEREAS, the Court having read and considered the Stipulation, the proposed Notice of Pendency of Class Action and Settlement, the proposed Summary Notice of Settlement, the proposed Plan of Allocation, the proposed form of the Proof of Claim and Release, and the Proposed Order and Final Judgment relating to the Settlement, each of which are exhibits to the Stipulation, and finding that substantial and sufficient grounds exist for entering this Order;

**IT IS HEREBY ORDERED**:

1.  All capitalized terms used in this Order shall have the meaning set forth in the Stipulation.

2.  The court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Fairness Hearing below.

3.  The Court finds, preliminarily and for purposes of settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.  Accordingly, preliminarily and for purposes of settlement only, the Action is hereby certified as a class action with a Class consisting of all persons or entities who purchased or otherwise acquired the common stock of Bradley Pharmaceuticals, Inc. between October 28, 2004 and February 25, 2005, inclusive ("Class Period"). Excluded from the Class are the Defendants, the former and current officers and directors of Bradley, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for purposes of settlement only, Lead Plaintiffs Chicago Transit Authority Retirement Fund for

Employees and Edward T. Greene are appointed as Class Representatives, with Abbey Spanier Rodd & Abrams as Class Counsel and Kantrowitz Goldhamer & Graifman as Liaison Counsel.

6. The certification of the Class shall be binding only with respect to the Settlement of the Action. If for any reason, the Stipulation is terminated, or the Effective Date for any reason does not occur, the certification of the Class shall automatically be vacated, and the Action shall proceed as though the Class has never been certified, and Defendants may assert all objections to class certification.

7. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable, unless such persons validly request exclusion from the Class in a timely and proper manner, as hereinafter provided.

## **NOTICE**

8. The Court hereby approves, as to form and content, the Notice of Pendency of Class Action and Proposed Settlement (the "Notice"), the Summary Notice of Settlement (the "Summary Notice"), and the Proof of Claim and Release ("Proof of Claim"), annexed, respectively, as Exhibits A-1, A-2, and A-3 to the Stipulation.

9. The Court approves the appointment of Berdon Claims Administration LLC as the Claims Administrator. Within ten (10) calendar days of the Court's execution of this Order, Bradley, through its successor-in-interest Nycomed, shall provide the Claims Administrator with Bradley's shareholder transfer records for the Class Period, to enable Lead Plaintiffs' Counsel to identify and provide Notice to putative Class Members in accordance with the Settlement.

10. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within fifteen (15) days after entry of this Order, to all Class Members who can be identified

with reasonable effort. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Bradley securities during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed within seven (7) days of their receipt of the Notice to either forward copies of the Notice and Proof of Claim to their beneficial owners, or to provide the Claims Administrator with the name and last known addresses of each person or organization for whom or which they purchased Bradley common stock during the class period, preferably in a Microsoft Excel data table, setting forth (a) title/registration, (b) street address, (c) city/state/zip; or electronically in Microsoft Word or WordPerfect files; or on computer generated mailing labels; or request additional copies of this Notice, to be provided free of charge, and within seven (7) days mail the Notice directly to the beneficial owners of Bradley common stock. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners. Such record holders, securities brokers and other nominal holders shall be entitled to reimbursement, from the Settlement Fund, for their reasonable out-of-pocket expenses actually incurred in connection with identifying Class Members and either providing mailing records to the Claims Administrator or mailing this Notice to beneficial owners after submission to the Claims Administrator of a detailed invoice of such reasonable expenses, out of the Notice Fund.

11. The Court directs that the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* no more than ten (10) days after the mailing of the Notice and at least fifty (50) days prior to the Fairness Hearing.

12. The Court finds and determines that mailing of the Notice and Proof of Claim and the publication of the Summary Notice as set forth above constitute the best notice to the Class

practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the Notice and Summary Notice to all persons entitled to receive such notice, and fully satisfy the requirements of due process, the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(a)(7), and of Rule 23 of the Federal Rules of Civil Procedure. Under no circumstances shall any Class Member be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

13. At least five (5) business days before the date fixed by this Court for the Fairness Hearing, Plaintiffs' Counsel shall cause to be served on Defendants' counsel and filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication and publication have been made in accordance with this Order.

## EXCLUSION

14. Any Class Member who desires to request exclusion from the Class must submit a written request for exclusion in the form and manner required by the Notice. Such request for exclusion must be mailed with a postmark no later than _May 20_, 2009.

15. Any Person who submits valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or Judgment entered in the Action. Any Person who does not submit a request for exclusion in the manner set forth in the Notice shall be deemed to have waived his, her or its right to be excluded from the Settlement, and shall be forever barred from requesting exclusion from the Settlement.

## CLAIMS

16.  The Proof of Claim submitted by each Class Member must be submitted in accordance with the instructions contained therein. In order to share in any proceeds resulting from the settlement of this Action, Class Members must submit the Proof of Claim in the manner provided in Exhibit A-3 to the Stipulation postmarked no later than _July 20_, 2009. Provided they are received before the motion for Class Distribution Order is signed, all Proofs of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions in the Notice. Late claims shall be denied as untimely except as the Court may otherwise order. Any Class Member who does not submit a Proof of Claim within the time provided for shall not be entitled to share in the distribution of the proceeds of the Settlement but nonetheless will be barred and enjoined from asserting any of the Released Claims.

17.  As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

18.  Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine, in accordance with the Stipulation and the direction given by Plaintiffs' Lead Counsel the extent, if any, to which each claim shall be allowed, subject to review by the Court.

19.  Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in order to provide the claimant with an opportunity to remedy the curable deficiencies

in the Proof of Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires.

20.     If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice of such rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved by the Claims Administrator, Plaintiffs' Lead Counsel and the Claimant, Plaintiffs' Lead Counsel shall thereafter present the request for review by the Court.

## HEARING

21.     The Fairness Hearing will be held by this Court in the courtroom of the Honorable Peter G. Sheridan, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Courtroom 4A, Newark, N.J. 07102 at 10:00 a.m. on June 19, 2009, to determine: (a) whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class; (b) whether an Order and Final Judgment should be entered substantially in the form of Exhibit B to the Stipulation; (c) whether the Class should be finally certified; (d) whether the Class Representatives' proposed plan of allocation of the Settlement proceeds that is described in the Notice ("Plan of Allocation") should be approved as fair and reasonable to the Class; and (e) whether the application of Plaintiffs' Lead Counsel for an award

of attorneys' fees, costs, and expenses, including an award of reasonable costs and expenses to the Class Representatives, ("Fee and Expense Petition") should be approved.

22.     Any Class Member may appear and show cause at the Fairness Hearing in person or by counsel and be heard in support of, or in opposition to, the fairness, reasonableness and adequacy of the Settlement, the Plan of Allocation and/or the Fee and Expense Petition. However, no Class Member shall be heard in opposition to the Settlement and no paper or brief submitted by any such person shall be received or considered by the Court unless on or before May 20, 2009, that person shall file with the Clerk of this Court and serve copies on counsel at the following addresses documentation demonstrating membership in the Class, a written statement of the position he, she or it will assert, and the reasons for his, her or its position:

Clerk of the Court
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

*Plaintiffs' Lead Counsel*
Orin Kurtz, Esq.
Abbey Spanier Rodd & Abrams, LLP.
212 East 39th Street
New York, NY 10016

*Counsel for Defendants*
Jamie A. Levitt, Esq.
Damion K. L. Stodola, Esq.
Morrison & Foerster, LLP
1290 Avenue of the Americas
New York, N.Y. 10104

Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred from raising any objection to the terms and

conditions of, or to the fairness, reasonableness or adequacy of the Settlement or to the Judgment to be entered thereon in this or any other action or proceeding.

23. Any Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its choice. If any Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel for the Class.

## MISCELLANEOUS

24. Subject to the terms of the Stipulation, and without further Court order, Lead Counsel may apply up to $50,000 (Fifty Thousand Dollars; the "Notice Fund") of the Gross Settlement Fund to pay the costs of notifying the Class of the proposed Settlement contemplated by this Stipulation. In the event final approval is not attained or granted for any reason, any amounts so advanced that have not actually been expended or incurred for purposes of defraying the actual cost of Class notice shall be returned to the Released Parties and their Insurers. If final approval is granted, any remainder from the Notice Fund, after the costs of notice are paid, shall be kept as part of the Gross Settlement Fund until dispersed in accordance with the terms of the Stipulation, subject to Court approval. In the event final approval of the Settlement is not obtained or granted for any reason and the Settlement is terminated, any and all funds expended for costs paid or incurred shall not be owed to or recoverable by the Defendants or their Insurers.

25. Subject to the provisions of Paragraph 23 hereof, all funds held in escrow shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

26. All discovery and pretrial proceedings in this Action are stayed and suspended until further order of this Court. Pending the final determination of the fairness, reasonableness

and adequacy of the Settlement, no member of the Class, either directly, representatively, or in any other capacity, shall institute, commence or prosecute against any of the Released Parties any of the Released Claims in any action or proceeding in any court or tribunal.

27.     All papers in support of the Settlement, including any application by Plaintiffs' Lead Counsel for attorneys' fees and expenses or costs and expenses of Lead Plaintiffs, shall be filed and served at least five (5) business days before the Fairness Hearing.

28.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings or acts performed or documents executed pursuant to or in furtherance of the Stipulation or the Settlement or connected with it: (a) may be deemed to be or may be used as an admission of, evidence of, or concession by Defendants or the Released Parties of the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) may be deemed or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal other than in such proceedings as may be necessary to consummate or enforce the Stipulation or the Settlement provided therein, or the Final Order and Judgment, except that the Defendants or Released Parties may file the Stipulation and/or the Final Order and Judgment of this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. Prosecution by any Class Member of any Released Claim against any of the Released Parties is hereby enjoined pending the Fairness Hearing. All agreements made during the course of the Action relating to confidentiality of information shall survive the Stipulation and Settlement.

29. Neither the Defendants nor the Released Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the proposed Settlement.

30. The passage of title and ownership of the Settlement Amount in accordance with the Stipulation is approved. No person that is not a Class Member or Plaintiffs' Lead Counsel shall have any right to any portion of, or in the distribution of, the Settlement Amount unless otherwise ordered by the Court or otherwise provided in the Stipulation.

31. The Court reserves the right to adjourn or continue the Fairness Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Fairness Hearing or at any later hearing.

32. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

33. The Exhibits attached to the Stipulation are incorporated herein as though set forth in this Order.

Date: Feb 19, 2009.

_____
Peter G. Sheridan, U.S.D.J.