UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE BRADLEY PHARMACEUTICALS, INC. SECURITIES LITIGATION | Civil Action No. 05-CV-1219 (PGS)(ES) |

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter comes before this Court on this 22 day of June, 2009 for a Fairness Hearing pursuant to the Court's Preliminary Approval Order dated February 19, 2009, for determination (1) whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Stipulation") between Lead Plaintiffs, on behalf of themselves and the Class, and Defendants Bradley Pharmaceuticals, Inc., ("Bradley," through its successor in interest Nycomed U.S., Inc.), Daniel Glassman, Bradley Glassman, and R. Brent Lenczycki (collectively, "Defendants"), dated December 19, 2008, are fair, reasonable and adequate for the settlement (the "Settlement") of all claims asserted by Lead Plaintiffs and the Class against Defendants in this Action; and (2) judgment should be entered dismissing the Consolidated Class Action Complaint (the "Complaint") with prejudice in favor of Defendants and the Released Parties from the Released Claims by and on behalf of all persons or entities who are members of the Class and who have not validly requested exclusion therefrom.

The Court having considered all matters submitted in connection with the Fairness Hearing and otherwise having determined the fairness, reasonableness and adequacy of the proposed Settlement of the claims of the Class against Defendants, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1

**TERMS AND DEFINITIONS**

1. All capitalized terms used in this Order and Final Judgment shall have the meaning set forth in the Stipulation, a copy of which shall be attached hereto and which is incorporated herein by reference.

**NOTICE**

2. The Court finds that the Notice of Pendency of Class Action and Proposed Settlement (the "Notice") substantially in the form approved by the Court was mailed as directed by the Court in the Preliminary Approval Order;

3. The Court finds that the Summary Notice of Settlement (the "Summary Notice") substantially in the form approved by the Court was published in *Investor's Business Daily* as directed by the Court in the Preliminary Approval Order.

4. The Court finds that the Notice, Summary Notice and Supplemental Notice dated April 20, 2009 provided the best notice to the Class practicable under the circumstances. The Notice, Summary Notice and Supplemental Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and the Plan of Allocation, to all persons entitled to such notice. The Notice, Summary Notice and Supplemental Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the notice requirements of 15 U.S.C. § 78u-4(a)(7). Due and adequate notice of the proceedings has been given to the Class, and a full and fair opportunity has been offered to the Class members to object to the proposed Settlement and to participate in the Fairness Hearing.

**CLASS CERTIFICATION**

5. For purposes of the Settlement only, the Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Class consists of all persons or entities who purchased or otherwise acquired the common stock of Bradley Pharmaceuticals, Inc. between October 28, 2004 and February 25, 2005, inclusive ("Class Period"). Excluded from the Class are the Defendants, the former and current officers and directors of Bradley, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

6. No person has sought to object or request exclusion from the Class and the date for submitting any objection or requesting exclusion has passed.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiffs CTA and Edward T. Greene are certified as Class Representatives and Abbey Spanier Rodd & Abrams, LLP is appointed Class Counsel and Kantrowitz Goldhamer & Graifman as liaison counsel.

## APPROVAL OF THE SETTLEMENT

8. The Settlement set forth in the Stipulation is fair, reasonable, adequate, and in the best interests of the Class, and it shall be consummated in accordance with the terms and provisions of the Stipulation.

## APPROVAL OF THE PLAN OF ALLOCATION

9. The Plan of Allocation described in the notices mailed to Class Members is fair and reasonable and it is hereby approved.

## DISMISSAL

10. The Action is hereby dismissed with prejudice and without costs with respect to all Released Claims against the Released Parties.

11. "Released Claims" means any and all claims, rights, demands, causes of actions, suits, matters, and issues, whether known or unknown (including Unknown Claims as defined in the Stipulation) and whether based on federal, state, local, statutory or common law or any other law, rule or regulation that have been or could have been asserted at any time against any of the Released Parties by any member of the Class in the Action or in any court of competent jurisdiction, which arise out of or relate in any way to any of the allegations, transactions, facts, occurrences, matters, representations or omissions involved, set forth, or referred to in the Complaint with respect to the purchases or sales of Bradley securities during the Class Period.

12. "Released Parties" means any and all of the Defendants, Nycomed U.S., Inc., and any and each of Defendant's former and present parents, subsidiaries, affiliates, shareholders, directors, officers, employees, agents, representatives, accountants, attorneys, insurers,

investment bankers, heirs, executors, administrators, beneficiaries, predecessors, successors and assigns.

13. The Released Claims are hereby ordered as compromised, settled, released, discharged and dismissed as to each of the Released Parties with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

14. Lead Plaintiffs and Class Members on behalf of themselves and any of their heirs, executors, administrators, beneficiaries, predecessors, successors, assigns, and any of their former and present employees, directors, officers, accountants, agents, attorneys, representatives, affiliates and subsidiaries, are deemed to have fully, finally and forever released, relinquished, and discharged, and shall forever be enjoined from prosecuting, either directly or in any other capacity, each and all of the Released Claims against any of the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

**BAR ORDER**

15. The Lead Plaintiffs and all Class Members are hereby barred and permanently enjoined from instituting, asserting or prosecuting, either directly, representatively, derivatively or in any other capacity, any and all Released Claims which they or any of them had, have or may have against the Released Parties.

**FINDING OF GOOD FAITH**

16. The Court finds that the Complaint was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act of 1995 and Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") and that all parties and their counsel have complied with each requirement of Rule 11 as to all proceedings herein.

## NO ADMISSION OF WRONGDOING

16. The Court hereby decrees that neither the Stipulation nor this Order and Final Judgment, nor the fact of the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties or Class Representatives; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties or Class Representatives in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or (d) is or may be construed as or received as evidence as an admission, concession or presumption against Lead Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses by the Defendants have merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund. The Released Parties may file the Stipulation and/or the Final Order and Judgment of this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. The parties to the Stipulation, their agents, employees, and attorneys, and the Claims Administrator and the Escrow Agent, shall not be liable for anything done or omitted in connection with these proceedings, the entry of this Final Judgment, or the administration of the payments to Authorized Claimants as provided in the Stipulation and this Order, except for their

own willful misconduct. No Class Member shall have any claim against the Plaintiffs or Plaintiffs' Lead Counsel based on distributions made substantially in accordance with the Plan of Allocation and orders of the Court. No Class Member shall have any further rights or recourse against the Released Parties or their counsel for any matter related to the Plan of Allocation, distributions thereunder, or the claims process generally.

## FEES AND EXPENSES

18. Plaintiffs' Counsel are awarded attorneys' fees in the amount of $1,050,000.00 and reimbursement of expenses, including experts' fees and expenses, in the amount of $150,000.00, such amounts to be paid from out of the Gross Settlement Fund. Class Representative Plaintiff Chicago Transit Authority Retirement Fund, who served as Lead Plaintiff in this Action, is awarded the sum of $10,626.00 and Class Representative Plaintiff Edward T. Greene is awarded the sum of $10,000.00, as reasonable costs and expenses directly relating to the representation of the Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Gross Settlement Fund.

19. The attorneys' Fees and Expenses awarded herein shall be payable from the Gross Settlement Fund when the Order and Final Judgment become Final as defined in Paragraph 1(l) of the Stipulation.

## JURISDICTION

20. The Court hereby retains and reserves jurisdiction over implementation of this Settlement and any distribution to Authorized Claimants under the terms and conditions of the Stipulation and pursuant to further orders of this Court.

## NO JUST REASON FOR DELAY

21. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

22. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Amount, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

Date: 6/22/, 2009.

_____
Peter G. Sheridan, U.S.D.J